Newly refurbished courtroom, and if you find any loose hammers or saws, please don't use them to assist your argument. We have four cases on the calendar this morning. Patent case from the District Court, claims case from the Court of Federal Claims, two government employee cases, one of which is submitted on the briefs and will therefore not be argued. First case is Meredith Lantada v. OPM, 2007-3202. Mr. Jackman. May it please the Court. My name is Norman Jackman. I represent the appellant Meredith Lantada in this case. At the outset, I'd like to say this courtroom is beautiful. It is a marvelous tribute to the United States to put a courtroom like this for its people to take part in. Very nice remark. I'm sure you'll enjoy using it. We will not hold that time against you. Thank you. The appellant in this case planned her retirement based on five and a half years of credited service that she spent working for the agency she has spent her whole career with, the DEA. At page 22 of our brief, we list the Guide to Processing Personnel Actions, and it refers to the use of Standard Form 50. Do you agree that she doesn't come within the 1988 statute? Yes, Judge. I believe the 1988 statute is irrelevant because the action here was taken half a dozen years earlier. It's just not relevant to the Standard Form 50, which actually gave her the credit, that the later regulation, which was a saving regulation, anyone who hadn't gotten credit could then apply within a two-year period. But that's got nothing to do with it if the credit was properly given a half a dozen years earlier. So the Standard Form 50 is generally used as the long-term official personnel file documentation of personnel actions. That's in our appendix, which is bound together with the brief at page 22. Every one of us here who has worked for the government, the judges, the clerks, myself, those in counsel, have Standard Form 50s in their personnel files because that's usually the way personnel actions are documented. And as OPM states in its brief at page 4, there is a presumption that administrative actions are correct and that government officials act in good faith in discharging their duties. And there are two cases cited therein from 1986, just a few years after the events that I'm about to describe occurred. Not only is the Standard Form 50, which in this case stated to include other government service and contract employment for the relevant five and a half years, which is acknowledged by the judge in her opinion, which appears at page 6 in our appendix. So your contention is that she was appointed to this earlier position? No. No. Whether she was appointed to a civil service position was not an issue in this case. The issue was whether credit was given by her agency for the five and a half years of contract service. She could not have been given that credit if she hadn't been appointed properly. Well, you know, Judge, that's where the confusion occurred in the mind of the administrative judge. But that's basic, isn't it? You have to have been appointed formally. That is true. But we are still faced with a Standard Form 50 giving her credit. If the 50 was not valid— Frankly, I can't even read it on this. Well, Judge— Standard Form 50, although the A.J. seemed to concede it. So that doesn't seem to be an issue. I appreciate that, Judge. He conceded what was written on the form. Pardon me? He conceded what was written on the form. What happened there was I had one clear copy during the hearing. The judge wanted the copy. We had no ability to photocopy it. I gave it to the judge. Unfortunately, she put in her opinion what the words said that were not clear on some of the other copies. Yet we have a 50. It is presumptively valid. It gives credit. But, Counsel, what if— Pardon me? You're allowing your entire argument on this Form 50. That's true. On what basis is a Form 50— What legal standing does a Form 50 give to establish the civil service retirement provisions that you're claiming? On its face, it states it, and it is presumptively valid, and no evidence was put in of any kind whatsoever that there was anything wrong with the 50. And furthermore, the person who signed it was located almost 25 years after she signed it, and she testified that this action was taken in accordance with her proper instructions. She later became chief. She obviously knew what she was talking about. And again, not a shred of evidence in the record that the 50 was improperly cut. Yeah, I would have thought your argument was that she was appointed and that the Form 50 is evidence that she was, in fact, appointed because otherwise the Form 50 wouldn't have been filled out the way it was. Well, that certainly was my presumption. It just didn't come up as part of the argument at the hearing. It may have been an underlying presumption, and I think it is a valid underlying presumption because you could turn that around just like Your Honor said and say, how could you cut a 50 like this if the person wasn't properly appointed? Well, you said cut a 50. Aside from the S50, is there any other document which appointed her to civil service? Not that I know of, Your Honor. But again, we come back to the 50. It is presumptively valid. You used the expression cut a 50. Yes. That sort of casual language for a document in a formal sense having imprinted in it the language that we're talking about. Here it wasn't imprinted or cut. It was just handwritten as an informality. No, it was typewritten. It appears in the 50. Well, the AJA didn't say that, and of course we can't read it. It is a typewritten. It's typewritten into the 50. If Your Honor needs to, we probably can get the original from MSPB. But that was not just a casual handwriting. It was in the 50. In what section, under what heading? I believe it's section 30, which is the wide open space in the bottom one-third of the 50. Across from left to right, it appears typewritten. Sort of in a blank space for added comments. Well, an explanation as to why the action is taken. So what I urge on the court is it is presumptively valid. It is there, and there isn't anything to call into question its validity. When the person who signed it was located and testified, and her testimony appears in our appendix for a couple of pages at page 11, she testifies that in order to have signed, well, if you process the document and change the service comp date, is it your testimony that that would have been the result of having done the proper checking with OPM and with DEA? Answer, in order for me to have signed the document. I would have had to have both documents before me. And she continues, or something from OPM showing that it could be done. Doesn't she have to have made a deposit to have gotten the benefit of this? She does, but OPM wouldn't tell her how much she had to pay, and she's ready and willing and able to do that. But she didn't? She did write to OPM and ask several years, many years ago, and was told that there appeared to be no interruption in her service. She wrote several times asking for information regarding what she had to pay, and was not responded to. So at this point, she is ready, willing, and able to make whatever payment is necessary. You asked to save eight minutes. Just one. With regard to her time period for the five and a half years, she was a contract employee at that point. That's correct. Were contract employees normally covered by the civil service? I think the contract employee had to be given the credit for the contract service specifically by the agency, and in this case did so by the 50. Is a 50 a legal document that can provide that service? Well, you know, Judge, if it wasn't, there should have been some evidence at the hearing saying so. There was nothing. No objection was made to the 50. It stands on its face for what it says, and it is the way in which personnel actions are acknowledged in the government. But not necessarily to vest retirement benefits. Pardon me? But not necessarily to vest retirement benefits. You can't grant retirement benefits under an SF-50. There isn't anything that says that. Nothing in the record says it. Nothing I found says it. We said it in Horner that you can't get the benefits unless you were appointed, right? Pardon me? I didn't hear the question. Under Horner, you can't get benefits if you weren't appointed. I guess the best answer to that is she must have been appointed for the 50 to have been cut. Of which there's no evidence. But we didn't have to have any evidence of that because we showed that she was given the credit by her agency in a valid 50. That's the personnel action. That's the recognition of personnel action. And without any evidence saying there's anything wrong with the 50, she gets the credit. Would you like to save the remainder of your time? Unless there are questions. Not at this point. Thank you, Judge. Mr. O'Connell. May it please the Court. The long and the short of this is, from the government's perspective, that until Congress passed Public Law 100-238 in 1988, there was no ability for an agency to retroactively say that a contractor's contract service with the government can be credited. But that's not, I think, what he's now saying. What he's saying is that the SF-50 that we've been looking at is evidence that there was an appointment earlier. And that's possible that you could have a later SF-50, which was evidence of an earlier appointment, correct? Well, that's the 180-degree turnabout from the argument that they made in their brief. They stated in their brief that she was not appointed and that the SF-50 did not appoint her. And we relied upon that representation in her brief in drafting our brief. At page 7 of my brief – Well, put aside the question of whether this had been properly raised, which is a legitimate point. But you agree that an SF-50, a later SF-50, could be evidence of an earlier appointment, right? It could – no, I don't think it could, at least not in this case. Not in this case. Oh, no, I forget about this case. In general, couldn't a later SF-50 be evidence of an earlier appointment? I don't think so because why would Congress pass this statute that makes the agency go through this elaborate process? In this case, you'd have to have the attorney general certify that the agency had intended that she be considered as having been appointed. But, Jared, that's a different question. Well, I'm asking you, under our decision in Horner, under the earlier practice, you did get retirement benefits if you were appointed, right? Sure. So there can be all sorts of evidence of an appointment. There could be missing records of the original appointment, and some later SF-50 could show that there was an earlier appointment for which the records have been lost. I mean, it is possible, is it not, that a later SF-50 could demonstrate that there had been an earlier appointment? Well, under that particular fact pattern, I would still say no because your fact pattern assumes that there was an SF-50 that existed, a proper SF-50 that existed at the time, and that was simply lost. That's a completely different situation. I understand, but that's not my question. I'm asking you a hypothetical. I'm saying that you could have situations in which a later SF-50 could prove that there was an earlier appointment. I mean, I can't think of a particular fact pattern that would allow me to say yes to that question. You can't? I'm hypothesizing the earlier one was lost. The appointment documents were lost, and a later SF-50 is brought in to evidence the fact that there was an earlier appointment. Of course. Of course it's possible that in some circumstances that would happen. Sure, if there was an earlier SF-50. No, there isn't. It's lost. Sure. I'm saying the later SF-50 could be evidence of the earlier appointment. Sure, sure. Under that situation, yes. But here, I mean, we don't need to get into such difficult fact discussions since we have a contract that says she's a contractor. So it's really not a difficult question for the court at all. Were contract employees specifically exempted from the CRS? Or some were included and some were not? The answer to that question is a little bit complicated, I think. If you look at the current regulation, which is attached to Ms. Natata's brief at page 20, the current regulation is 831.307. Under subparagraph A, there is a reference to the employing agency exercising an explicit statutory authority to appoint an individual into the civil service by contract. But I think the key words there are explicit statutory authority. From what I've been able to determine, those situations are very uncommon. There's some discussion in the Horner case about appointing Army surgeons, I guess in an emergency, where the Army can appoint surgeons into the civil service by contract. But in almost all cases, the answer would be no, that somebody's not going to be appointed into the civil service by contract. So it's the exception rather than a rule at that point? Yes, yes. And what exceptions would be available? Just the Army surgeon exception? What about the DEA type of an agent? I don't know of any explicit statutory authority that would allow DEA to appoint somebody like that into the civil service by contract. And I don't think it exists. The government would ask that the court affirm the board. Thank you. Well, don't go away just yet. Your opponent says an SF-50 was cut. Yes. Containing this language. He said it was typed. It was in there. And therefore, there is an SF-50. Giving her these benefits. Well, but if – I mean, let's just think about this. If all the agency had to do was have a personnel staffing specialist sign an SF-50 that had the magic words, why would Congress, you know, put this administrative burden on the agency where the attorney general has to certify that the agency had intended – the person into the civil service by contract? I mean, just by virtue of that very fact, the answer is that it could not have been done. I guess there are two possibilities here when this SF-50 was filled out. One, that it was filled out based on a misunderstanding of the law and thinking that there didn't need to be an appointment to get credit. The other possibility is that they filled out the form because they checked and concluded that there had been an appointment. What does the record show about which of those alternatives the people who were responsible for the form believed to be the case? Well, the record on the former point, whether there was a misunderstanding, is certainly silent and logically that is probably more likely to be the case. As for the second point, whether or not there was actually an appointment, the record says no just by looking at the contract where she's referred to as a contractor and so forth. So the record shows that the answer to the second question is no. She was not appointed. I guess we have no further questions. Thank you. Mr. Jackman has a few minutes for rebuttal. Her file was lost. A good part of her file was never recovered. Does the record show that? No. I don't see that here. I will have to look it up and notify the court because her record definitely was lost. The SF-50 in question where we stated in our brief this was not an appointment into the Civil Service meant that the particular SF-50 did not appoint her into the Civil Service. We weren't saying she was never appointed into the Civil Service. We don't know that for certain because the record was lost. But the government says there's a contract and that with rare exceptions, a contract is not the way you get appointed to the Civil Service. Well, that may be so, but then there are exceptions. And it's kind of awkward when the file's been lost for us to try to presume that it had to be. There are regulations that say when a record is lost that OPM is supposed to put together, as best it can, a reconstruction of the record. But I don't know that that was ever attempted. Or requested. Or requested. That's not part of the record, so I don't know that I can say contrary to that, Your Honor. I do want to point out that the regulation passed a half a dozen years later was a saving regulation. Anyone who hadn't gotten credit could follow this procedure, have certification, and so on. But it wasn't a this is the only way one can do it by its own language. It's a saving regulation. So the severity of it, years after the fact, is understandable, but it is certainly not the only way that a service credit can be given. But, Mr. Jackman, what about the statements in your blue brief at page 2? Starting on May 17, 1776, she became a direct hire contract employee of the Drug Enforcement Agency until 10-01-81. After that service, she was appointed into civil service by DEA. That's all we had in the record. Isn't that a statement that we can rely upon, or is that a misstatement in the record? It's not a misstatement, but absent the record to show exactly what may have happened after that. I had to presume in writing this that that's all there was. Well, is it incumbent upon you to find the record if it does exist, or if it doesn't exist, or at least make that representation? Not make an outright representation that she was a contract employee? We couldn't find anything. And consequently, as far as the record of this case is concerned, she was a contract employee who, at some point, was given credit by the 50 that I mentioned to the court. That's all the record shows, and we tried to find more. We're unable to find it, and this is what we're left with. However, my position remains that the 50 would never have been cut if there wasn't proper authority to cut it. Maybe it was cut in errors. That points out maybe it was a misunderstanding of the law. Those things happen, but wouldn't it have been incumbent upon OPM to show that there was something wrong with the 50, that there was no authority to cut it, that the authority to cut it was not followed correctly? There's nothing but a shred of evidence in the record or here today that the 50 was improper in any way. Consequently, that being the way government personnel actions are taken, we're left with a valid 50 that has been ignored by OPM. They haven't addressed it, in other words. They've just come across with a saving regulation from a load of years later and used it to say she didn't take advantage of this. But if credit had been given, why would she need to take advantage of the later regulation? Mr. Jackman, I'm afraid what we'll really have to cut is your argument time because it's expired. I appreciate the time, Judge. Thank you very much. Thank you. Thank you, Judge.